IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT EARL DAVIS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1020-SMY |
| | ) |
| **SPROUL,** | ) |
| | ) |
| Respondent. | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner Robert Earl Davis, currently incarcerated at USP Marion, filed the instant action pursuant to 28 U.S.C. § 2241 to challenge how his sentence is being carried out, calculated, or credited by prison authorities (Doc. 1).[1] More specifically, he claims that he should be eligible for early release because of his completion of RDAP.

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes district courts to apply the Rules to other habeas corpus cases.

Before seeking relief in federal court, a prisoner must exhaust administrative remedies. *See, e.g., Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after

---

[1] Federal Rule of Civil Procedure 11(a) requires "[e]very pleading, written motion, and other paper [to] be signed…by a party personally if the party is unrepresented." In violation of this Rule, Davis failed to sign his Petition (Doc. 1).

administrative remedies have been exhausted). Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989). Where, as here, a petitioner complains that errors have been made with respect to internal Bureau of Prisons ("BOP") policies and calculations, the BOP must be given the first opportunity to correct any such errors. *See Ramirez v. Zuercher*, No. 08-1283, 2008 WL 4724289, at *2 (C.D. Ill. Oct. 24, 2008).

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. *See* 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. *See* 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days. *See* 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the BOP's Office of General Counsel within 30 days. *Id.*

Davis concedes that he has not exhausted the available BOP administrative remedy process He argues however that exhaustion would be futile. A petitioner citing futility must demonstrate that there is "no reasonable prospect" that he could obtain any relief from that agency. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016-17 (7th Cir. 2004) *quoting Health Equity Resources Urbana, Inc. v. Sullivan*, 927 F.2d 963, 965 (7th Cir. 1991). Here, Davis has not established futility – he has not shown that available remedies are inadequate, ineffective, or would cause irreparable injury.

For the foregoing reasons, without making any decision on the merits of Davis' claim, this Court must dismiss the Petition for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  May 28, 2025**

**STACI M. YANDLE**
**United States District Judge**